**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:08CV16-GCM-DSC**

| | |
|---|---|
| LYNN ALAN PALMER, ) <br> ) <br> Petitioner ) <br> ) <br> v. ) <br> ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** comes before the Court upon Petitioner's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" filed January 14, 2008 (document #1); "Government's Response to Petitioner's Motion to Vacate His Sentence" (document #7) and "Government's Motion for Summary Judgment" (document #8) both filed on March 19, 2008; and "Petitioner's Reply to Respondent's Response to Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255" filed May 7, 2008 (document #12)[1].

On December 7, 2010, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Respondent's Motion for Summary Judgment be <u>granted</u> and Petitioner's Motion to Vacate be <u>dismissed</u>, as discussed below.

### I. PROCEDURAL HISTORY AND BACKGROUND

Petitioner was charged in a three-count Indictment filed on May 19, 2003, with robbing the

---

[1] Because Petitioner is *pro se*, his pleadings are held to a less stringent standard than if they were prepared by a lawyer and are construed liberally. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972).

SouthTrust Bank in Charlotte, North Carolina, on or about May 5, 2003, in violation of 18 U.S.C. § 2113(a)(Count One); possessing, using, carrying and brandishing a handgun in furtherance of the bank robbery in violation of 18 U.S.C. § 924(c)(Count Two); and assaulting and putting another person's life in jeopardy by use of a handgun in committing the bank robbery in violation of 18 U.S.C. § 2113(d)(Count Three). Criminal Case No. 3:03cr82 at document #5. On October 17, 2003, Petitioner pled guilty to Count One. Id. at document #13. On October 21, 2003, a jury was impaneled for trial of the remaining counts. During the trial, the Government introduced in evidence a number of photographs taken from a security video, two handguns and two photographs of a cell phone case. Petitioner introduced a cell phone case into evidence. During deliberations, the jury requested that the Court provide them with all of the photographs, the cell phone case and one of the handguns. Id. at document #22. On October 23, 2003, the jury found Petitioner guilty of the charges contained in Counts Two and Three of the Indictment. Id. at document #23.

On December 16, 2003, District Judge Graham C. Mullen sentenced Petitioner to 46 months imprisonment on his convictions in Counts One and Three "each count to run concurrently with each other" and to 60 months imprisonment on his conviction in Count Two "to run consecutively with Counts 1 & 3." Id. at document #27. Petitioner thus received a sentence of 106 months imprisonment. Petitioner did not file a direct appeal from his conviction or sentence.

On December 22, 2005, Petitioner filed in the United States District Court for the Southern District of West Virginia, Beckley Division, an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody, a Memorandum of Law in Support and Incorporated Motion for Discovery and an Affidavit. Civil Case No. 5:05cv1176, at documents #1, 2 and 4. On September 5, 2007, Magistrate Judge R. Clarke VanDervort issued Proposed Findings and Recommendations recommending that the District Judge deny and dismiss Petitioner's

Application. Id. at document #11. On October 10, 2007, Petitioner filed a Motion to Withdraw. Id. at document #13. On October 22, 2007, District Judge Thomas E. Johnston dismissed Petitioner's Application pursuant to his Motion to Withdraw. Id. at document #14.

On January 14, 2008, Petitioner filed the pending Motion to Vacate. Document #1. Petitioner alleges that: (1) this Court should construe his petition liberally because he is proceeding pro se; (2) he is actually innocent of the charges of armed bank robbery and possession of a firearm during and in relation to a crime violence because at no time during the crime did he possess a firearm or utilize threats or gestures indicating that he was in possession of a firearm; and (3) he was twice placed in jeopardy when the Government proceeded to trial on charges of armed bank robbery and possession of a firearm during and in relation to a crime violence four days after he pled guilty to the lesser charge of bank robbery. Document #1, p. 4.

On January 16, 2008, the Court ordered Respondent to file an Answer to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. On March 19, 2008, Respondent filed a Response to Petitioner's Motion and a Motion for Summary Judgment. Documents #7 and 8. On March 24, 2008, the Court sent Petitioner an Order in compliance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and notified him that Respondent had filed a Motion for Summary Judgment and that if he failed to respond to this Motion within thirty days, the Court might grant the relief requested. Document #9. On May 5, 2008, the Court granted Respondent's Motion for Summary Judgment and dismissed Petitioner's Motion to Vacate noting that Petitioner failed to respond to Respondent's Motion. Document #10. On May 12, 2008, the Court, *sua sponte*, vacated the May 5, 2008 Order after learning that Petitioner had timely responded to the Motion for Summary Judgment but had erroneously filed his response with Respondent rather than the Court. Document #13.

## II. ANALYSIS

A federal prisoner may attack his conviction and sentence on grounds that they violate the Constitution or laws of the United States, were imposed without jurisdiction, exceed the maximum penalty, or are otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

On April 23, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a 1-year statute of limitations for the filing of a motion to vacate, set aside or correct a sentence. The amendment provides in pertinent part:

> (f) A 1-year period of limitation applies to a motion under this section. The limitation period shall run from the latest of -
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner did not file a direct appeal from his conviction and sentence. As a result, Petitioner's conviction and sentence became final, for purposes of filing a motion pursuant to § 2255, when the time for filing a direct appeal expired. United States v. Johnson, 203 F.3d 823 (Table), 2000 WL 37753 (4th Cir. 2000) (citing Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999)(citing Kapral v. United States, 166 F.3d 565, 575 (3rd Cir. 1999)). The Judgment

in Petitioner's case was entered on January 7, 2004[2]. At the time of the Petitioner's sentencing, Federal Rule of Appellate Procedure 4(b) provided that "defendant's notice of appeal must be filed in the district court within 10 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b). Therefore Petitioner's conviction and sentence became final on January 22, 2004, ten days after January 7, 2004, excluding weekends and holidays[3], when the time expired for him to file a Notice of Appeal. Fed. R. App. P. 4(b) . Absent equitable tolling, Petitioner's motion pursuant to § 2255 must have been filed on or before January 23, 2005. Petitioner filed the instant Motion to Vacate on January 14, 2008, almost three years past the § 2255 one-year limitation period.

Petitioner acknowledges the statute of limitations issue. In fact, in his memorandum included with his § 2244 petition, Petitioner states that

> Petitioner experienced no "impediment to making a motion", is not basing his application on a "right [that] has been newly recognized", and has no "facts supporting the claim [that] could have been discovered", that was discovered within the previous year. Additionally, Petitioner's "judgment of conviction became final", more than one year prior to this petition. As such, AEDPA's amendment to §2255 time bars Petitioner's use of §2255 to challenge his detention.

Civil Case 5:05cv1176 at document #2, p. 8. In the instant Motion to Vacate, Petitioner does not provide any reason why he could not have timely filed his Motion and instead focuses on the argument that he is actually innocent and that his § 2255 claim should be subject to equitable tolling.

---

[2] Although Petitioner was sentenced and the Judgment was filed on January 6, 2004, the docket sheet shows that the Judgment was entered on January 7, 2004. Pursuant to Fed. R. App. P. 4(b)(6), "[a] judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket."

[3] At the time of Petitioner's sentencing, Federal Rule of Criminal Procedure 45(a) required that when the filing deadline was less than 11 days, intermediate Saturdays, Sundays and legal holidays were excluded from computation.

5

The Supreme Court has determined that the one-year limitation period is subject to equitable tolling. Holland v. Florida, 560 U.S. —, 130 S.Ct. 2549, 2562 (2010). The Supreme Court has "made clear that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 130 S.Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

The Fourth Circuit has held that equitable tolling is allowed only in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 209 (2004). See also, United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(quoting the same). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

> As the Fourth Circuit stated in Harris v. Hutchinson,
>
> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where- due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

209 F.3d 325, 330 (4th Cir. 2000).

Furthermore, the Fourth Circuit has explicitly stated that,

> [W]e decline to adopt an equitable tolling test that would consider a petitioner's underlying claim or sentence. . . we see no reason why the decision as to whether a

court considers the claims in an untimely petition should depend on the nature of the claims in the petition. Allowing consideration of the merits of time-barred claims to creep into the equitable tolling analysis lets petitioners effectively circumvent the statute of limitations because the merits of their claims will always be considered. This would enable petitioners who were in no way prevented from complying with the statute of limitations to create delay and undermine finality-two of the reasons that precipitated enactment of the AEDPA statute of limitations.

Rouse, 339 F.3d at 251.

There is no authority in this Circuit or the Supreme Court that supports Petitioner's contention that actual innocence constitutes grounds for equitable tolling of the one-year AEDPA limitation. The Sixth Circuit has allowed equitable tolling based on actual innocence. Souter v. Jones, 395 F.3d 577, 599-600 (6th Cir. 2005). However, several other circuits have rejected the argument that there is an actual innocence exception. See Lee v. Lampert, 610 F.3d 1125, 1128-31 (9th Cir. 2010)(there is no actual innocence exception that serves as a gateway through the AEDPA statute of limitations to the merits of a petitioner's claims); Escamilla v. Jungwirth, 426 F.3d 868, 871-72 (7th Cir. 2005)(those claiming innocence must meet statutory limits just like those raising other claims); David v. Hall, 318 F.3d 343, 346-47 (1st Cir. 2003)(Congress knew how to formulate an actual innocence exception, but did not); Cousins v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) (claims of actual innocence do not constitute a rare and exceptional circumstance permitting equitable tolling); Flanders v. Graves, 299 F.3d 974, 977-78 (8th Cir. 2002)(no actual innocence exception separate from usual equitable tolling factors). Because the Court finds that the cases declining to find an actual innocence exception provide more compelling authority, it declines to adopt Petitioner's proposed exception to AEDPA.

Even if the Court were to find the existence of an actual innocence exception to the one-year time limit, Petitioner has failed to establish that he is actually innocent. A petitioner claiming actual innocence must make an evidentiary showing that "it is more likely than not that no reasonable juror

7

would have convicted him." Schlup v. Delo, 513 U.S. 298, 327 (1995). Petitioner's showing in the present case falls far short of meeting this extremely high standard.

Petitioner states that the Government argued at trial that a security photograph showed him with a firearm at his side when he robbed the bank. Petitioner claims that the photograph was "a grainy, low-quality still-print copied from the bank's security camera videotape . . ." Document #1, p. 10. Petitioner states that the Government did not make the original videotape available to him or introduce it in evidence and "the still-copies used did not depict the original recording." Id. at p. 11-12. Petitioner essentially asserts that he is actually innocent because still photographs taken from a security video and introduced in evidence were of poor quality and did not show him possessing a firearm. Petitioner supports this argument with an unsworn Affidavit from Grant Fredricks, a forensic video analyst[4]. Based entirely upon information provided by Petitioner, Fredricks opines as follows:

> It is clear in this case, that accepted forensic video examination practices were not applied. It is therefore probable that inaccurate visual evidence was presented to the Trier of Fact in this Trial. It is also likely that too much weight was applied to the identification of the object at Mr. Palm's (sic) waist as a handgun, especially in the absence of expert testimony offering an accurate interpretation of 'dubbing errors' that would have been present in the images.

Document 7, Attachment 8, p. 2. Fredricks explains that Petitioner has retained him for assistance in obtaining the original videotape and to examine the original videotape images. Fredricks concludes that "there can be only three outcomes from my examination of the original. They are: 1. The videotaped images show an object consistent with a handgun, 2. The videotaped images show

---

[4] It is noted that while Petitioner stated in his Motion that he had attached Fredricks' Affidavit to the Motion, it was in fact not attached but was obtained by the Government and attached to its response as Attachment 8 of Document #7.

8

an object not consistent with a handgun, or 3. The videotaped images do not have enough resolution to determine what the object is." Id. at p. 3.

However, the photographs were not the only evidence introduced at trial establishing Petitioner's possession of a firearm. As is evident from the Presentence Investigation Report and the Government's witness list, bank employees testified about Petitioner's brandishing a firearm during the robbery. Two firearms were recovered from Petitioner's truck the day after the robbery. Even if Petitioner did not have a firearm in his possession during the robbery and his cell phone pouch was mistaken for one, the jury could have still found that he possessed a firearm. A bank robber's threats and gestures indicating his or her possession of a firearm or other dangerous device and intent to use it are matters for a jury's consideration in determining whether or not a defendant violated Section 2113(d). United States v. Wolfe, 245 F.3d 257, 262-63 (3rd Cir.) cert. denied, 534 U.S. 880 (2001). "A bank robber who displays or brandishes a dangerous weapon or an object reasonably perceived to be a dangerous weapon or device during a bank robbery violates § 2113(d)." United States v. Ferguson, 211 F.3d 878, 883 (5th Cir. 2000), cert. denied 531 U.S. 909 (2000).

Assuming that Petitioner had only his cell phone pouch at his side during the robbery, the Court finds that in light of all the evidence, a reasonable jury could have concluded that Petitioner indicated his possession of a firearm and his intent to use it. The Court notes further, as mentioned above, that it appears from the jury's request during deliberations to see the photographs, the cell phone case and one of the firearms, that they carefully considered whether Petitioner possessed a firearm and /or his cell phone pouch during the robbery and concluded that he had a firearm. Expert testimony concerning the quality of the security video and still photographs taken from it would only (1) potentially undermine the photographic evidence when other evidence including witness testimony was received and (2) substantiate what the jury clearly considered during deliberations.

9

This is not the sort of new and reliable evidence that can stand as proof of actual innocence.

The Court finds that Petitioner has failed to establish that he is actually innocent and that he does not set forth any basis which would support a finding that it would be unconscionable to apply the limitations period, or that a gross injustice would result from its application. Therefore, equitable tolling is not available to Petitioner, and, as outlined above, the Court finds Petitioner's Motion to be barred as untimely**.**

## V. **RECOMMENDATION**

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Respondent's Motion for Summary Judgment be GRANTED and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence be DISMISSED.

## VI. **NOTICE OF APPEAL RIGHTS**

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Order to counsel for the Respondent, to the Petitioner, and to the Honorable Graham C. Mullen.

**SO RECOMMENDED.**

Signed: December 22, 2010

David S. Cayer
United States Magistrate Judge